James E. Cecchi
Donald A. Ecklund
Kevin Cooper
**CARELLA, BYRNE, CECCHI, BRODY
& AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Liaison Counsel for Lead Plaintiff Randeep
Singh Khalsa*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Fax: (310) 201-9160

*Counsel for Lead Plaintiff Randeep Singh
Khalsa*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDEEP SINGH KHALSA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S PLACE, INC., JANE ELFERS, and SHEAMUS TOAL,<br><br>Defendants. | Case No. 2:24-cv-01182-EP-CLW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF RANDEEP SINGH KHALSA FOR PARTIAL RECONSIDERATION THE COURT'S ORDER DATED SEPTEMBER 18, 2024 (Dkt. No. 18)** |

Lead Plaintiff Randeep Singh Khalsa respectfully moves this Court to reconsider the Order dated September 18, 2024 (Dkt. No. 18, the "Order"). The request is based on the conflict of paragraph 5 of the Order with the Private Securities Litigation Reform Act of 1995 (the "PSLRA), 15 U.S.C. 78u-4(a)(3)(B)(v).

In the Order, the Court appointed Mr. Khalsa as Lead Plaintiff and approved his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class, and Carella, Byrne, Cecchi, Brody & Agnello, P.C. as Liaison Counsel for the class. *See* Order at ¶¶ 2-3. At the same time, the Order also required that Court-approved counsel report accrued fees to the Court every three months and re-apply for approval[1] annually. *Id.* at ¶¶ 4-5.[2] The re-application requirement departs from the PSLRA statutory scheme, which grants Lead Plaintiff the power to select and retain counsel. As such, paragraph 5 of the Order should be vacated.

Unlike in other class actions, approval of lead counsel in securities class actions is governed by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), which provides that the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." The Third Circuit

---

[1] While the Order refers to the "appointment" and "reappointment" of counsel, *see* Order at ¶ 5, counsel is not "appointed" by the Court under the PSLRA. Rather, the Court "approves" lead plaintiff's selection of counsel. *See* 15 U.S.C. 78u-4(a)(3)(B)(v).

[2] With respect to fees, the Third Circuit *Cendant* decision indicates that a district court should not base its decision to approve counsel on the court's own assessment of counsel's (otherwise reasonable) fees. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 277 (3d Cir. 2001) (holding that a district court erred by selecting counsel through an auction since it "meant that Lead Plaintiff's choice would be honored only if it was made pursuant to fee terms set by the District Court" and effectively "undermined the [lead plaintiff's] ability to 'retain' counsel"). The Ninth Circuit agrees with the Third Circuit, and further explains district courts' role in evaluating lead counsel's fees: "[A]llowing the district court to select the lead plaintiff based on its view of who has negotiated the most favorable fee schedule improperly interferes with the lead plaintiff's authority and responsibility to select counsel who he believes will best serve his own interests and the interests of the class." *In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002). Moreover, the issue of fees is essentially moot at this early stage since "where there is a settlement, the court must approve the actual fees paid." *Id.* at 733.

has recognized that "one of a lead plaintiff's most important functions is to 'select and retain' lead counsel." *Cendant* 264 F.3d at 265. While "lead plaintiff's right to select and retain counsel is not absolute," the power to select and retain lead counsel "belongs, at least in the first instance, to the lead plaintiff" and "the court's role is confined to deciding whether to 'approv[e]' that choice." *Id.* at 273.

*Cendant* explains that "the court should generally employ a deferential standard in reviewing the lead plaintiff's choices" and the court should decline to approve counsel only when it is "necessary to protect the interests of the plaintiff class." *Id.* at 274; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Accordingly, "when a properly-appointed lead plaintiff asks the court to approve its choice of lead counsel and of a retainer agreement, the question is not whether the court believes that the lead plaintiff could have made a better choice or gotten a better deal." *Id.* at 276. Instead, "the court's inquiry is appropriately limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms." *Id.*

Here, Lead Plaintiff has selected and retained counsel with extensive experience successfully litigating securities class actions on behalf of injured investors. They have a long history of working together to prosecute such actions in this District and have obtained outstanding results for the class members in many cases. Thus, there can be no question that Lead Plaintiff has selected highly qualified counsel to vigorously prosecute the litigation and protect the interests of the class.

The Court correctly approved Lead Plaintiff's selection of counsel (*see* Order at ¶ 3) based on counsel's decades of experience successfully representing injured investors in similar actions. *See* Dkt. Nos. 7-6, 7-7 (firm resumes); *see also Miller v. Eagle Pharms., Inc.*, No. 23-cv-23011, 2024 WL 3858124, at *5 (D.N.J. Aug. 19, 2024) (appointing counsel based on a review of their

resumes).  At the same time, the portion of the Order that requires Lead Plaintiff's counsel to re-apply annually for approval is inconsistent with *Cendant* and the PSLRA's grant of power to the Lead Plaintiff to select and retain counsel.  Accordingly, Lead Plaintiff respectfully requests that paragraph 5 of the Order be vacated.

DATED: October 2, 2024

Respectfully submitted,

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

By:   *s/ Donald A. Ecklund*
James E. Cecchi
Donald A. Ecklund
Kevin Cooper
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Email: jcecchi@carellabyrne.com
        decklund@carellabyrne.com
        kcooper@carellabyrne.com

*Liaison Counsel for Lead Plaintiff Randeep Singh Khalsa*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: clinehan@glancylaw.com

*Counsel for Lead Plaintiff Randeep Singh Khalsa*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

3

## CERTIFICATE OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 2, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the District of New Jersey, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 2, 2024, at Roseland, New Jersey.

*/s/ Donald A. Ecklund*
Donald A. Ecklund

4